THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANONYMOUS, Appellant, v. SARATOGA COUNTY DEPARTMENT OF PUBLIC WELFARE et al., Respondents.— REYNOLDS, J. Appeal from an order and judgment of the Family Court, Saratoga County, granting respondents' motion for summary judgment dismissing the petition pursuant to CPLR 3211 on the ground that said petition "was defective and had no legal validity due to the failure of 'John Roe' [appellant's former husband and the father of the child involved] to join in the proceeding as a moving party". Appellant is the natural mother of a child born to her and her former husband on July 14, 1967, some nine months after appellant obtained a Mexican decree of divorce. Shortly after the birth of the child both appellant and her former husband executed a surrender and consent permitting the Saratoga County Department of Social Services to place the child out for adoption, and on September 1, 1967 the child was placed by the department with foster parents. On or about October 31, 1967 appellant notified the Saratoga County Department of Social Services in writing of her revocation of the surrender and on November 3, 1967, the department by telegram agreed to return the child to appellant. Later, however, the department refused to return the child to appellant and the instant habeas corpus proceeding was initiated. Concededly there is a definite contractual relationship which arises between a parent or parents who give up a child pursuant to section 384 of the Social Services Law and the accepting agency (*People ex rel. Anonymous* v. *Perkins Adoption Soc.*, 271 App. Div. 672, affd. 297 N. Y. 559). However, until formal adoption occurs by the foster parents, it is a contract which, pursuant to section 383 of the Social Services Law, is subject to judicial supervision and thus if it feels that it is in the best interests of the child and that the parent is fit and able to maintain and educate the child, the court, despite the agreement, can revest custody in the parent (*Matter of Geiger*, 6 A D 2d 977; *People ex rel. Anonymous* v. *Wise Servs.*, 21 A D 2d 327). The Family Court, however, has found such considerations not relevant here because the father, who consented to the surrender agreement, has not joined in the petition; in fact, he would appear to oppose it. We fail to see why his joinder in the petition or disapproval thereof is controlling. Arguably this might be so if strict contract rules were to be observed, but section 383 is written in terms of "the parent" in the singular and the general tenor of the legislation here involved is to insure the best interests of the child and thus strict adherence to contract rules is not appropriate. Finally we must agree with appellant that the foster parents have no standing in this proceeding and should not have been permitted to intervene pursuant to CPLR 1012 (subd. [a], par. 2). Until formal adoption occurs the relationship under section 384 is exclusively between the parent or parents and the agency and the sole issue involved is the fitness and ability of the parent without any consideration with respect to prospective adoptive parents (see *Matter of Handler*, *supra*). Order and judgment reversed, on the law and the facts, without costs, and motion for summary judgment denied. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J. [55 Misc 2d 761.]